# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8287 | **DATE** | 6/27/2003 |
| **CASE TITLE** | U.S.A. ex rel: Jacqueline Grandeau vs. Cancer Treatment Centers etc. et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Defendants' motion to dismiss count I is denied., the motions to dismiss counts II and III are deferred, and plaintiff's motions are, for now, denied. Defendants' motion for a protective order to stay discovery is denied. The relator shall file a responsive memorandum by July 10, 2003, and defendant shall reply by July 24, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JUN 3 0 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | 41 |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | 03 JUN 27 PM 3: 35 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN 3 0 2003

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the | ) | |
| STATE OF ILLINOIS, ex rel JACQUELINE | ) | |
| GRANDEAU, | ) | |
| | ) | |
| | ) | |
| Plaintiff-Relator, | ) | |
| | ) | |
| vs. | ) | No. 99 C 8287 |
| | ) | |
| CANCER TREATMENT CENTERS OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff-Relator Jacqueline Grandeau (relator) brought this *qui tam* action on behalf

of the United States and the State of Illinois, alleging violations of the False Claims Act, 31

U.S.C. § 3729 *et seq.* (FCA), the Medicare anti-kickback provisions, 42 U.S.C § 1395nn, and

the Illinois Medicaid Program, pursuant to the Illinois Whistleblower Reward and Protection

Act, 740 ILCS 175/1 *et seq.,* and also alleging unlawful retaliation. Defendants filed a motion

to dismiss counts I, II and III of plaintiff's third amended complaint pursuant to Federal Rule

of Civil Procedure 9(b) and a motion for a protective order to stay discovery. Plaintiff filed

a motion to compel discovery and for sanctions. For the following reasons, defendants' motion

to dismiss count I is denied, the motions to dismiss counts II and III are deferred, and

plaintiff's motions are, for now, denied.

## BACKGROUND

The following facts are taken from the relator's complaint. Relator was employed at

defendant Midwest Regional Medical Center (MRMC) in Zion, Illinois, from August 1997 to

May 8, 2000. Defendant Cancer Treatment Center of America (CTCA), of which defendant Richard Stephenson is the owner and founder, is the corporate parent of various cancer treatment clinics, including MRMC. Defendant Roger Cary has been the chief operating officer of CTCA since 1999 and is the president and CEO of MRMC. While employed at MRMC, relator performed work for defendant Professional Corporation of Illinois and its successor Patients First (together "PCI"), a physicians group within MRMC.

Relator alleges that defendants engaged in numerous billing practices to defraud the governments of Illinois and the United States. She further alleges that she was unlawfully terminated in retaliation for her willingness to report the improprieties.

DISCUSSION

Defendants' Motion to Dismiss

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It is undisputed that Rule 9(b) applies to actions under the FCA. *See* Wisz ex rel. United States v. C/HCA Devel., Inc., 181 F.R.D. 385, 387 (N.D. Ill. 1998). Under Rule 9(b), "circumstances" includes "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Bankers Trust Co. v. Old World Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992). "Particularity" means "the who, what, when, where and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 628 (7th Cir. 1990).

While the complaint is hardly a model of clarity, relator sufficiently pleads some specific circumstances of the alleged fraud. Treating her allegations as true, it would be

virtually impossible for relator to list every instance of fraudulent activity. She does however

give the outline of the allegedly fraudulent scheme and give various examples of conduct by

the defendants. Relator's complaint divides the fraudulent actions into nine different

categories. While she does not give specific names or dates under each heading, there is

enough information in the complaint to allow defendants to respond and prepare a defense.[1]

Likewise, while the complaint frequently says that "defendants" engaged in a certain

activity, rather than naming an individual defendant, the complaint is specific, when

necessary. *See* Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 778 (7th Cir.

1994) (affirming dismissal of a complaint pursuant to Rule 9(b), where plaintiff lumped all

defendants together rather than specifying who was involved in each activity). Throughout

the complaint relator lists specific patients and the doctors who treated them (cplt., ¶¶ 75-85).

This information, along with other details in the complaint, is enough to inform the individual

defendants of their alleged role in the fraudulent activities. Vicom, 20 F.3d at 778, *quoting*

Balabanos v. North American Inv. Group, Ltd, 708 F.Supp. 1488, 1493 (N.D. Ill. 1988).

## Discovery Motions

Defendants' motion for a protective order to stay discovery on the fraud claims until

after our ruling on this motion, and their motion for summary judgment as to counts IV, V

and VI, is largely made moot by this decision. The issues involved in the summary judgment

motion do not involve the fraud claims themselves, but rather issues surrounding relator's

termination. We therefore deny the motion.

---

[1]The first category is a good example (cplt., ¶¶ 41-45). Relator claims that Dr. Robert Levin created
a computer system by which the government was billed for procedures listed in pre-examination notes rather
than procedures actually performed. While she does not list specific patients who were billed using this
scheme, she does list specific doctors who used the program and others who refused. She also claims that the
corporate defendants were aware of and allowed the billing scheme.

We also deny relator's motion to compel at this time. Prior to ruling on this motion, defendants were told to turn over the records relating to the patients explicitly named in the complaint and they represent to us that they have done so. We note that if defendants' estimates of two million pages are correct, relator seeks an unusually large amount of paperwork. As she has indicated that a representative sample of patients would be sufficient to start, the parties should be able to reach an agreement on discovery, absent a motion to compel at this time. And, because we are not at all sure that they will be able to do so, we refer all discovery matters to Magistrate Judge Ashman.

This case well represents a continuing conundrum in *qui tam* cases. The relator is supposed to be an insider, one who advances claims she knows about because of her unique position that the government does not know. And fraud must be pleaded with particularity. But the breadth of the claims may be such that alleging all the "who, what, when and where" of the claims would lead, ultimately, to an extremely long, complex and incomprehensible complaint. *See* United States of America, ex rel. Garst v. Lockheed-Martin Corp., ___ F.3d ___ (7th Cir. 5/8/03). Still, a *qui tam* action is not a roving commission to investigate all the financial dealings of the defendants.

Here the relator has alleged some specific examples. That saves the complaint from total dismissal. In other allegations there are no specific examples, or the examples alleged are somewhat general or lack the who or the when. Relator contends she can add details as necessary and talks about filing another amended complaint. We think the better way to proceed is by tailoring discovery to the specificity of the claims, as we previously attempted to do until discovery on the *qui tam* claims was stayed pending ruling on these motions. Judge

Ashman can, then, permit discovery as the relator provides an adequate foundation for it.

We note, as we have in the past, that the relator's termination claims stand on a different footing.  Those are claims personal to her and are governed by the usual considerations respecting a summary judgment motion.

Finally, defendant argues that counts II and III are deficient as a matter of law.  That contention has been largely lost in the welter of paper.  It is not a discovery matter and is before the court.  The relator shall file a responsive memorandum by July 10, 2003, and defendant shall reply by July 24, 2003.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss count I is denied, the motions to dismiss counts II and III are deferred, and plaintiff's motions are, for now, denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 27 , 2003.