Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8287 | **DATE** | 11/23/2004 |
| **CASE TITLE** | USA/ ex rel. JACKIE GRNDEAU vs. CANCER TREATMENT CENTERS OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Potter and Wasserman are entitled to the costs they seek in the amount of $81,265.82. They are thereafter ordered to return to relator the documents she seeks.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 2 4 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 124 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF ILLINOIS *ex rel.* JACKIE GRANDEAU, | ) ) ) | |
| Plaintiff-Relator, | ) ) | |
| vs. | ) ) ) | No: 99 C 8287 |
| CANCER TREATMENT CENTERS OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

DOCKETED
NOV 24 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff-relator Jacqueline Grandeau (relator) filed an action against defendants under the False Claims Act, 31 U.S.C. §§ 3729-3733 (FCA). The law firms of Robin Potter & Associates and Law Offices of Laurie J. Wasserman ( Potter and Wasserman) represented relator when she filed the lawsuit, but on June 15, 2004, they filed for leave to withdraw, which we granted. In addition to seeking leave to withdraw, Potter and Wasserman sought to recoup from relator costs in the sum of $81,265.82, and further relief. Relator, through her new counsel, Philip Michael of the firm Goodkin Labaton Rudoff & Sucharow, LLP, of New York City, claims that the fees and costs that Potter and Wasserman are entitled to must come from the proceeds of any recovery that relator receives in the case. Relator also demands that Potter and Wasserman return to her numerous documents that she obtained during her investigation of defendant prior to filing the FCA action. In response to that argument, Potter and Wasserman assert that they have a valid retaining lien over the documents. For the following reasons we order that Potter and Wasserman be reimbursed for the costs they seek and that they turn over all documents sought by relator.

Potter and Wasserman represented relator for five years in her FCA action on a contingency fee basis. They claim that they were discharged by relator and are now entitled to *quantum meruit* compensation for the services they provided. Citing the retainer agreement, relator asserts that Potter and Wasserman may only recover if she prevails in her *qui tam* action and, if that happens, defendants must pay their costs and fees. In doing so, relator essentially contends that Potter and Wasserman are bound by the contingency fee agreement. However, after discharging Potter and Wasserman, relator cannot now "resurrect the contingency term" when her former attorneys seek remuneration. In re Estate of Callahan, 144 Ill.2d 32, 578 N.E.2d 985, 988, 161 Ill. Dec. 339 (Ill. 1991). Callahan, and cases following, stand for the proposition that after a client fires an attorney who was retained under a contingency fee contract, that contract ceases to exist and the attorney cannot seek compensation under it. Instead, the attorney must seek compensation on a *quantum meruit* basis to recover the actual value provided to the client. *See* Wegner v. Arnold, 305 Ill. App.3d 689, 713 N.E.2d 247, 250, 238 Ill. Dec. 1001 (Ill. App. 2d Dist. 1999); Albert Brooks Friedman, Ltd. v. Malevitis, 304 Ill. App. 3d 979, 710 N.E.2d 843, 847, 238 Ill. Dec. 46 (Ill. App. 1st Dist. 1999); Much Shelist Freed Denenberg & Ament, P.C. v. Lison, 297 Ill. App. 3d 375, 696 N.E.2d 1196, 1199-1200, 231 Ill. Dec. 625 (Ill. App. 1st Dist. 1998); Kannewurf v. Johns, 260 Ill. App. 3d 66, 632 N.E.2d 711, 714-15, 198 Ill. Dec. 381 (Ill. App. 5th Dist. 1994); Leoris & Cohen, P.C., v. McNiece, 226 Ill. App. 3d 591, 589 N.E.2d 1060, 1064, 168 Ill. Dec. 660 (Ill. App. 2d Dist 1992); Callahan, 578 N.E.2d at 988-89. The attorney's action for *quantum meruit* recovery "accrues immediately after discharge." Callahan, 578 N.E.2d at 988.

Relator asserts that those cases are inapplicable because Potter and Wasserman were not discharged but instead voluntarily withdrew. However, an e-mail relator sent to Potter

and Wasserman on April 22, 2004, severely undermines the argument she now presents. That e-mail, which Potter and Wasserman provided to the court, begins as follows:

> After careful and thorough consideration, which included the advice of counsel and persons whose judgments I trust and respect, regretfully I have decided that I must terminate, effective immediately, your role as my counsel. This termination is for cause. Under the terms of the retainer agreement, such a termination ends all obligations, financial and otherwise, that I have to you, and severs you from the litigation that concerns my efforts to protect the funds of the United States and individual states.

Relator's intent to discharge Potter and Wasserman, and completely sever her relationship with them, is unequivocal in that opening paragraph, as it is throughout the remainder of the e-mail. It is evident in the above excerpt that relator had already retained new counsel when she terminated Potter and Wasserman. Also, in their motion for leave to withdraw, Potter and Wasserman state that relator had terminated them and retained new counsel. That relator states she terminated Potter and Wasserman for cause does not preclude her former attorneys from recovering for the value they provided. *Quantum meruit* recovery is available even when an attorney is discharged for cause. Johns v. Klecan, 198 Ill. App. 3d 1013, 556 N.E.2d 689, 696, 145 Ill. Dec. 71 (Ill. App. 1st Dist. 1990). In Wegner the court allowed an attorney to recover on a *quantum meruit* basis even though the client had cause to fire her attorney. Wegner, 713 N.E.2d at 249. As set forth in Callahan, it is the client's termination of the attorney and not the reason behind that termination that is the decisive issue, although the reasons may reflect that the value of the services was not as great as they should have been. Even if we focus on Potter and Wasserman's motion for leave to withdraw, and not the e-mail, we still find that the requisites for *quantum meruit* recovery are met.

An attorney who withdraws from a case may still recover on a *quantum meruit* basis if that withdrawal was for good cause. Reed Yates Farms, Inc. v. Yates, 172 Ill. App. 3d 519, 526 N.E.2d 1115, 1124-25, 122 Ill. Dec. 576 (Ill. App. 4th Dist. 1988). In Reed Yates Farms the

court observed that an attorney withdraws for cause when the client refuses to pay past-due fees or if the client files a complaint with the ARDC against the attorney. *Id.* at 1120. After the withdrawal, the attorney may recover fees and costs for services provided, and that recovery may be on a *quantum meruit* basis. *Id.* at 1121, 1124-25. In Kannewurf v. Johns, the court allowed the attorney to recover under a *quantum meruit* basis when the attorney withdrew because his client did not allow him to negotiate in the manner he thought best. Kannewurf, 632 N.E.2d at 716. And in Leoris & Cohen, the court noted that a "complete breakdown of the attorney-client relationship" would justify the attorney's withdrawal and not preclude him from seeking *quantum meruit* recovery, but also remanded the case because the scant record before it did not indicate such a breakdown. Leoris & Cohen, 589 N.E.2d at 1065. Relator's e-mail evidences a complete breakdown in her relationship with Potter and Wasserman and justifies their withdrawal.

Because their action for *quantum meruit* recovery accrued upon their discharge, Potter and Wasserman are only entitled to costs and fees incurred prior to their discharge. *See* Much Shelist, 696 N.E.2d at 1199. *Quantum meruit* compensation will prevent the unjust enrichment of relator and her new counsel, who would have had to pay those costs if he had represented relator since the beginning of her case. New counsel cannot avoid those costs by pointing to a contingent fee agreement that no longer exists. Further, they may only recover for the value they actually provided, as "*quantum meruit* is based on the implied promise of a recipient of services to pay for those services which are of value to him." Callahan, 578 N.E.2d at 988. The parties do not dispute that the documents are of essential value to relator's prosecution of the case. By producing those documents and providing other material necessary for the case to proceed, Potter and Wasserman have provided value, and they are entitled to that value on a *quantum meruit* basis.

Having found that Potter and Wasserman are entitled to costs, we do not reach their retaining lien argument. In their reply memorandum Potter and Wasserman state that they "will produce the documents upon successor counsel's payment of the costs incurred, and for duplication." Such production will extinguish any retaining lien they may have. We note that in obtaining costs now, Potter and Wasserman are not precluded from seeking fees later. The issue of outstanding fees is indeed for another day, and perhaps another place. We have jurisdiction over the action for costs because the documents are central to relator's prosecution of the underlying action. But Potter and Wasserman's fees are not essential for this case to proceed and we doubt jurisdiction lies for an action seeking to recover those fees.

## CONCLUSION

For the foregoing reasons, we find that Potter and Wasserman are entitled to the costs they seek. They are thereafter ordered to return to relator the documents she seeks.

James B. Moran
Senior Judge, United States District Court

Nov. 23, 2004.