IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA and STATE )
OF ILLINOIS *ex rel.* JACKIE GRANDEAU, )
                                     )
        Plaintiff-Relator,           )
                                     )
              vs.                    )  No: 99 C 8287
                                     )
CANCER TREATMENT CENTERS OF          )
AMERICA, *et al.*,                   )
                                     )
        Defendants.                  )

## MEMORANDUM OPINION AND ORDER

Plaintiff-relator Jacqueline Grandeau (relator) brought a *qui tam* action against defendant Cancer Treatment Centers (CTCA), who she alleges engaged in fraudulent billing practices in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733 (FCA). Defendant Midwest Regional Medical Center (MRMC), a subsidiary of CTCA, filed a counterclaim against relator in which it argued that relator is liable for breach of fiduciary duty, breach of a confidentiality agreement, and conversion. Relator moved to dismiss the counterclaim and the motion was granted in part, leaving only the fiduciary duty claim. The court narrowed the remaining claim, concluding that defendant could not recoup the salary paid to relator during the period after she breached her fiduciary duty. Before the court now is defendant's motion to reconsider that conclusion. For the following reasons, that motion is denied.

Our memorandum and order of November 10, 2004, emphasized the importance of the FCA in detecting and prosecuting fraud against the government, and also stressed that the statute shielded relator's investigation of defendant. Relator engaged in protected activity when she collected, copied, and forwarded copies of defendant's records to the government. Thus, we dismissed defendant's breach of contract claim since "[r]elator could have disclosed

the documents to the government under any circumstances, without breaching the confidentiality agreement." Still, relator breached her fiduciary duty when she received but failed to disclose to defendant the government's subpoena, which was addressed to her as defendant's agent. Defendant seeks to recover salary it paid to relator after she received the subpoena and until she ceased to be its employee. We reiterate that during that period relator's conduct – her investigation to find evidence of health care fraud – was protected activity that was not vitiated by her breach of fiduciary duty. Therefore, defendant seeks to recover salary paid during a period when relator provided it with services and thus earned the salary, but also when she took statutorily-protected activity to assist the government in detecting fraud. McLaughlin v. Chicago Transit Authority, 243 F. Supp. 2d 778 (N.D. Ill. 2003) is distinguishable because there the plaintiff employee allegedly breached her fiduciary duty when she removed confidential files from the defendant employer so that she could pursue her own lawsuit against her employer. *Id.* at 779. First, relator's removal of files was statutorily protected, unlike the plaintiff's conduct in McLaughlin, and second, relator's investigation was not for her own suit, but for a *qui tam* action that she is statutorily entitled to bring on behalf of the government.

The cases cited by defendant establish that an employer may recover compensation it paid to a disloyal employee. But, because total salary forfeiture is a possible remedy, it does not mean that it is the only remedy. In In re Marriage of Pagano, 154 Ill.2d 174, 607 N.E.2d 1242, 1250, 180 Ill. Dec. 729 (Ill. 1992) the court observed that courts have equitable discretion to fashion the appropriate remedy for a breach of fiduciary duty. Complete forfeiture may be necessary for the most severe breaches, but that drastic remedy is not always suitable, especially when the breach is relatively minor. The law does not require automatic complete

forfeiture of salary earned subsequent to a breach of fiduciary duty. *See* Bank of Tokyo-Mitsubishi, Ltd. v. Malhotra, 131 F. Supp. 2d 959, 961-62 (N.D. Ill., 2000).

Defendant's cases also show that complete salary forfeiture is appropriate when the breach involves ongoing disloyalty to the principal. We are not presented with such a situation here, as relator's breach was an isolated incident and not part of an ongoing practice of disloyalty. In ABC Trans Nat'l Transp. Inc. v. Aeronautics Forwarders, Inc., 90 Ill. App. 3d 817, 413 N.E.2d 1299, 1315, 46 Ill. Dec. 186 (Ill. App. Ct. 1980), the defendants were employed by plaintiff and diverted plaintiff's personnel and customers to a competing firm. The court ordered defendants to forfeit all of their compensation earned during the period of the breach. In ABC total forfeiture was appropriate because the defendants' breach was severe and occurred over a period of time. *See id.* at 1306 ("The injury to ABC was the sudden, potentially crippling loss of half of its customers, as well as substantial numbers of its personnel. The cause of this injury was defendants' well-organized plan and their conduct in furtherance of the plan before they departed from ABC."); *id.* at 1315 ("[O]ne who breaches fiduciary duties has no entitlement to compensation during a wilful or deliberate course of conduct adverse to the principal's interests."). Relator's breach of fiduciary duty did not involve "a wilful or deliberate course of conduct." Only relator's investigation of defendant may be characterized as a "course of conduct," and the FCA protects that activity. Defendant also cites Levy v. Markal Sales Corp., 268 Ill. App. 3d 355, 643 N.E.2d 1206, 205 Ill. Dec. 599 (Ill. App. 1st Dist. 1994), but in that case, and in a case that it relied on, Vendo v. Stoner, 58 Ill.2d 289, 313-14, 321 N.E. 2d 1 (Ill. 1974), the defendants usurped opportunities that their employers were entitled to pursue, and the wrongdoing was thus continuous and ongoing. *See also* Veco Corp. v. Babcock, 243 Ill. App. 3d 153, 611 N.E.2d 1054, 183 Ill. Dec. 406 (Ill. App.

1st Dist. 1993); Hill v. Names & Addresses, Inc., 212 Ill. App. 3d 1065, 571 N.E.2d 1085, 157 Ill. Dec. 66 (Ill. App. 1st Dist. 1991).

Another reason why defendant cannot recover the compensation it seeks is that salary forfeiture is limited to the period during which the breach occurs. *See* Levy, 643 N.E.2d at 1219 ("Illinois law permits a complete forfeiture of any salary paid by a corporation to its fiduciary during a time when the fiduciary was breaching his duty to the corporation."). Defendant seeks to recover salary earned during a period when relator took protected activity, and not when she breached her fiduciary duty. Even if we were inclined to view relator's non-disclosure of the subpoena as a "course of conduct," which we are not prepared to do, the seriousness of her breach is far less pronounced than severe disloyalty evident in cases in which total forfeiture was ordered, such as situations in which employees take valuable company assets – whether personnel, customers, or funds – to competing firms.

In sum, allowing defendant to seek the salary at issue here would not only threaten unjust enrichment, it would also cross the fine line that we drew between relator's breach of fiduciary duty and her statutorily protected activity.

## CONCLUSION

For the foregoing reasons, defendant's motion is denied.

                                                                        James B. Moran
                                                    Senior Judge, United States District Court

Feb. 4, 2005.