IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA and )
STATE OF ILLINOIS ex rel. JACKIE )
GRANDEAU, )
)
      Plaintiffs, )
)
  vs. ) No. 99 C 8287
)
CANCER TREATMENT CENTERS )
OF AMERICA, et al., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Petitioners Robin Potter & Associates and the Law Offices of Laurie J. Wasserman (Potter and Wasserman) have moved for an order requiring their former client, plaintiff-relator Jackie Grandeau (relator), and her new counsel,[1] to show cause why they should not be held in contempt for not complying with the court's order of November 23, 2004, holding that Potter and Wasserman were entitled to *quantum meruit* recovery for the value of the services they provided before relator discharged them and pursued her *qui tam* action with new counsel. The court also ordered Potter and Wasserman to provide relator with the substantial number of documents in their possession.

After issuance of the order, relator served subpoenas on defendants and the office of the Illinois Attorney General on December 20, 2004, and January 4, 2005, respectively, and requested "all documents Plaintiff/Relator Jacqueline Grandeau or her former counsel

---

[1] New counsel are Philip Michael of Goodkind Labaton Rudoff & Sucharow, LLP, of New York City, and Marvin A. Miller and Lori A. Fanning of Miller Faucher and Cafferty LLP, of Chicago.

produced" to them.² Relator argues that the order lacks a "clear directive" that prohibited her from securing the documents from other sources. Relator further contends she only needs to pay Potter and Wasserman for the documents that she requires. In so arguing, relator ignores the substance of the order. The court expressly noted that Potter and Wasserman were entitled to recover the costs that they expended during their representation of relator, and that relator is responsible for paying those costs. Successor counsel first attempted to obtain the documents without cost by contending that Potter and Wasserman could recover only under the contingency fee agreement. After the court held that the contingency fee agreement had been extinguished beyond resuscitation, and concluded that *quantum meruit* recovery was in order, successor counsel moved to Plan B – issuing subpoenas on defendants and the Illinois Attorney General. Potter and Wasserman have always acknowledged that some documents were available from those sources and never denied that relator could subpoena them for those documents. But just because Plan B is an option does not mean that relator may pursue it and avoid the order. A "clear directive" prohibiting relator from seeking documents from other sources was unnecessary because the court ordered relator to pay Potter and Wasserman for the costs they incurred in obtaining the documents, and any attempt to obtain the documents from other sources would needlessly duplicate relator's costs.

The court now holds that if relator requires documents held by Potter and Wasserman, then she must obtain those documents from her former attorneys and she must reimburse them for the costs they incurred in producing or obtaining those documents. This does not mean that payment is a condition precedent for turning over the documents, but is instead a

---

² It appears that defendants objected to the subpoena and the Attorney General complied, but only to a limited extent.

measure that will facilitate an orderly transaction of both money and documents. Further, what may have been lost in the court's discussion of the availability of *quantum meruit* recovery is the fact that relator is responsible for compensating Potter and Wasserman for the costs they incurred, regardless of the contingency fee agreement's status. And she must pay those costs despite the fact that some of the documents may be available from other sources.

The court has identified three categories of documents: those provided by defendants; those supplied by relator; and experts' reports. Relator contends that identifying the different types of documents mooted the order, which did not distinguish between the different categories of documents because neither party suggested that the documents could be categorized in distinct groups. Identifying the documents by type and class clarified the order and facilitated compliance with it rather than mooted it. For instance, we observed that relator should pay the copying costs for the documents that defendants produced to Potter and Wasserman. As for the experts' reports, there is more than copying costs at stake, such as the experts' fees. Potter and Wasserman are entitled to recover those other costs regardless of whether successor counsel believes that the documents and reports are not of "essential value" to the case.[3]

Potter and Wasserman have apparently failed to provide a full accounting of their costs. Such a report would greatly aid in determining how much they are entitled to receive.[4] Their failure to produce the report militates against issuing an order requiring relator and

---

[3] Relator now disputes that some documents are of essential value to her case, but we remind her that in a prior filing she noted that the failure to obtain those documents would have the effect of "severely undermining, if not terminating, the Plaintiff-Relator's action." (Plaintiff's Response to Potter and Wasserman's Motion to Withdraw, June 17, 2004).

[4] The order will not be impacted if the figure does not ultimately add up to $81,265.52.

successor counsel to show cause why they should not be held in contempt. Instead, the court reiterates that "Potter and Wasserman are entitled to the costs they seek," and adds that relator must pay those costs.

## CONCLUSION

For the foregoing reasons, the motion for a rule to show cause is denied.

    JAMES B. MORAN
    Senior Judge, U. S. District Court

April 12, 2005.